[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are determined by the court following its review of the file.
A dissolution of their marriage occurred on September 5, 1989 at a hearing before O'Sullivan, Referee.
Thereafter, on December 14, 1989, a Motion for Contempt dated December 8, 1989 was filed with the Court. With this motion an order was entered for the plaintiff to be cited to appear before the court on January 5, 1990. The file appears to indicate that no citation was issued along with the order.
However, the file discloses the same motion dated the same date of December 8, 1989 and the same filing date of December 14, 1989 was filed with the court. There is also a stamp dated December 28, 1989 on the face of the same motion. This motion does have with it an order citing the plaintiff to appear on January 5, 1989. A citation was also issued summoning the plaintiff to appear before the Superior Court on January 5, 1989. This was to be served on the plaintiff on or before December 29, 1989. The sheriff's return dated December 21, 1989 indicates that the plaintiff was served with these papers.
The motion having been served upon the plaintiff pursuant to the citation, he was required to appear before the court on the date ordered. It appears from the file that nothing occurred on January 5, 1990 and the matter went off the calendar.
It is obvious to the court that these are one and the same motion, order and citation. The second stamp dated December 28, 1989 would indicate that to be the date the motion along with the sheriff's return was filed with the court.
On May 10, 1991 a Motion for Articulation was filed by Attorney Fitzpatrick on behalf of the defendant. On June 5, 1991 an appearance on behalf of the plaintiff was filed by Attorney Buckley with the following notation thereon:
 "This appearance is not a General Appearance but is limited to the defense of the defendant's Motion for Articulation and the advancing of the plaintiff's Motion to Dismiss."
On June 27, 1991 the defendant's Motion for Articulation was denied by Referee O'Sullivan thereby disposing of the motion. CT Page 9759
Attorney Fitzpatrick on June 28, 1991 and again on August 9, 1991 reclaimed the Motion for Contempt dated December 8, 1989.
The two issues for the court to decide are first whether Attorney Buckley's attempt to specialize his appearance of June 5, 1991 is valid and secondly whether the marking of the December 8, 1989 motion "off" removes the plaintiff from the authority of the Court.
The court will first gives its attention to the appearance of Attorney Buckley filed June 5, 1991. If counsel can file what the court alludes to as a Special Appearance then Attorney Buckley is no longer in the case. However, if there is no authority for the filing of such a limited appearance, then the appearance filed must be considered as a General Appearance which would necessitate the filing of a Motion to Withdraw in order to disappear.
There is no provision in either Rule No. 64 or Rule No. 77 for a special or limited appearance. It is the court's recollection that such appearances are no longer a part of the Rules of the Superior Court and therefore any appearance that is filed except one that contests the jurisdiction of the court must be considered to be a general appearance.
Since Attorney Buckley's appearance is deemed to be a General Appearance by the court, said appearance was valid at the time the defendant reclaimed the Motion for Contempt and such motion is presently pending before the court and the clerk is hereby directed to place such motion on the short calendar for disposition.
The Court Curran, J.